PER CURIAM:
This claim was originally styled with respondent party as the State of West Virginia. The Court, upon its own motion, amended the style of the claim to reflect the Department of Highways as the proper party respondent.
On November 11, 1987, the claimant was operating his 1980 Ford Thunderbird on Route 10 in Harts, West Virginia. He was travelling north from Chapmanville to Harts. A tree limb struck his vehicle. He seeks $2,400.00 for damage to his vehicle.
Claimant testified that on the day of the incident it was about 4:00 p.m. It was raining, and there was a slight wind. He was travelling at approximately 50 miles per hour. The tree was located adjacent to the road. The tree limb hit the windshield of his automobile and impaired his vision, whereupon he lost control of the car and drove into the hillside. He had seen the tree on prior occasions and it was his opinion that it was a dead tree. He travels the route every day, but had not submitted a complaint to respondent concerning the tree.
*132 Larry P. Pauley, the county supervisor of Lincoln County for respondent, testified that he is familiar with the tree in question. The reason the tree was not cut by respondent was that there was uncertainly about its location on respondent's right of way. He had not received any complaints prior to November 11, 1987.
Billy Dale Topping, respondent's maintenance crew head for the Harts Creek area, stated that the top of the tree was handing over the highway. He stated that the neighbor on the adjacent property had requested that respondent's crew cut the tree. When the request was made, he did not consider the tree to be a hazard. It is the policy of respondent to cut trees only if they are hazards and there is permission from the landowner.
There has been no concrete evidence that the tree is on respondent's right of way. In addition, there are contradictory views about whether the tree was alive or dead. After careful review of the evidence, the Court is unable to find negligence on the part of the respondent. For that reason, the Court if of the opinion to, and does, deny the claim.
Claim disallowed.